IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01143-MJW

JOSEPHINE ALBA,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Josephine Alba is not disabled for purposes of

Supplemental Security Income under the Social Security Act.  Alba has asked this Court

to review that decision.  The Court has jurisdiction under 42 U.S.C. § 405(g), and both

parties have agreed to have this case decided by a U.S. Magistrate Judge under 28

U.S.C. § 636(c).  The Court AFFIRMS the government's determination.

### Discussion

The Court reviews the administrative law judge's ("ALJ") decision to determine

whether the factual findings are supported by substantial evidence and whether the

correct legal standards were applied.  *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075

(10th Cir. 2007).  "Substantial evidence is such evidence as a reasonable mind might

accept as adequate to support a conclusion.  It requires more than a scintilla, but less

2

than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009)

(internal quotation marks omitted).  The Court "should, indeed must, exercise common

sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d

1156, 1166 (10th Cir. 2012).  The Court cannot reweigh the evidence or its credibility.

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## I.     The 1997 ALJ Decision

Much of Alba's argument is premised on an earlier disability determination.  Alba

applied for benefits in 1994, receiving a favorable decision from an ALJ in 1997.[1]  (AR

70–86.)  The 1997 decision included a residual functional capacity ("RFC") assessment

that was materially more favorable to Alba than the assessment made by the ALJ here.

(*Compare* AR 79–80, *with* AR 18.)  Several of the arguments in Alba's brief assert that

the medical record does not show any improvement over time, and therefore the *new*

ALJ failed to explain why Alba's condition is not as bad as the *old* ALJ found it to be.

Further, the ALJ here makes no reference at all to the limitations found in the 1997

decision—and so Alba argues, at a minimum, the ALJ ignored meaningful evidence.

It is true that an ALJ cannot ignore evidence he or she doesn't like.  *Haga v.*

*Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose

through an uncontradicted medical opinion, taking only the parts that are favorable to a

finding of nondisability.").  But at the same time, an ALJ cannot be expected to discuss

all of the evidence in the file.  *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)

---

[1] Those benefits stopped in 2008 following a determination of fraud by the Commissioner; Alba disputes the fraud now, but did not appeal the cessation of benefits at the time.  She re-applied for benefits in 2011, and that new application is the matter now before the Court.

3

("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." (internal citation omitted)).  A prior ALJ decision may well be relevant evidence, capable of shining light on a claimant's functional capacity.[2]  But it is not a medical opinion as that term is defined by law, nor is it evidence from an acceptable medical source—and moreover, this specific ALJ decision is more than fifteen years out of date. It is not "significantly probative" evidence, *see id.*, and the ALJ did not need to explain his decision to disregard it in light of Alba's current medical records.

## II.    RFC Errors

Alba also argues that the ALJ's RFC analysis failed to account for a number of limitations suggested by the record.[3]  For the following reasons, each argument falls short.

---

[2] The government appears to argue that, because the prior decision is not legally binding in any sense, it is also factually irrelevant.  This argument is a *non sequitur* and is contrary to the government's position in many other cases.  *See, e.g., Quintana v. Colvin*, No. 14-cv-00930-KLM, 2015 WL 3412331, at *7–9 (D. Colo. May 28, 2015) (commissioner defending ALJ's reliance on RFC analysis in prior unfavorable decision); *Hanken v. Colvin*, ___ F. Supp. 3d ___, No. 13-cv-00346-REB, 2014 WL 4651809, at *4 n.7 (D. Colo. Sept. 18, 2014) (commissioner defending ALJ's reliance on credibility analysis in prior unfavorable decision).

[3] Alba also argues that the government failed to meet its burden of proof in its vocational analysis.  But all of the errors in the vocational analysis are predicated upon errors in the RFC analysis; Alba does *not* argue that the vocational analysis is wrong even if the RFC assessment is right.  Thus, the alleged shortcomings in the vocational analysis are more properly considered as part of the harmless-error analysis in the RFC discussion.

4

A.      Physical RFC

Alba argues that she is capable of no more than sedentary work, rather than

modified light work as found by the ALJ.  As evidence, Alba points to the 1997 ALJ

decision, her own testimony, and current medical records showing that she aggravated

the arthritis in her right knee descending the stairs one day.  But this Court is not

allowed to re-weigh such evidence.  The ALJ's decision on Alba's physical capabilities

was supported by the remaining treatment records (showing little in the way of

functional limitations), the medical opinion of a consultative examiner (Dr. Ryan Otten,

who suggested a functional capacity *greater* than that found by the ALJ), and the

medical opinion of a non-examining state-agency physician (Dr. Anthony LoGalbo,

whose functional capacity the ALJ essentially adopted).  The ALJ gave valid, if cursory,

reasons for weighing these opinions as he did, and Alba does not challenge the weight

assigned to these opinions.  The ALJ's assessment is thus based on substantial

evidence and cannot be disturbed by this Court.  Further, even if the ALJ erred on this

point, the error would be harmless—because at least some of the jobs identified in the

vocational analysis, like surveillance system operator, are categorized as sedentary

work.

Relatedly, Alba argues that the ALJ failed to discuss any limitations related to

osteoarthritis, degenerative disc disease, or bone spurs.  But each of these medical

conditions was discussed by Dr. Otten, the consultative examiner, and the ALJ adopted

an RFC that was *more* restrictive than Dr. Otten's opinion.  The ALJ's failure to discuss

each distinct medical condition does not necessarily show that he failed to consider the

evidence.  *See Clifton*, 79 F.3d at 1009-10 ("The record must demonstrate that the ALJ

considered all of the evidence, but an ALJ is not required to discuss every piece of

evidence.  Rather, in addition to discussing the evidence supporting his decision, the

ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well

as significantly probative evidence he rejects." (internal citation omitted)).  Further, there

is no medical evidence in the record to suggest that these conditions limit Alba to a

greater degree than the ALJ found.

Similarly, Alba faults the ALJ for not evaluating her bilateral thoracic outlet

syndrome.  But she didn't mention it in her application, she didn't mention it at the

hearing (despite being represented by counsel), and her medical records do not

mention it at all.  The only indication of any such condition in the record is in the 1997

ALJ opinion.  Without some evidence of a functional limitation from a condition,

especially in a case where the claimant is represented by counsel, the ALJ has no duty

to further develop the record as to that condition.  *See Hawkins v. Chater*, 113 F.3d

1162, 1167–68 (10th Cir. 1997); *see also Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th

Cir. 2000) (no duty to develop record further as to certain exertional factors where

objective evidence did not suggest any impairment to those functions).  Rather, the

ALJ's duty is to develop those issues actually presented by the claimant.  *Wall v.*

*Astrue*, 561 F.3d 1048, 1062–63 (10th Cir. 2009).  There is no error in the ALJ's failure

to discuss or develop an issue that was neither raised by the claimant nor suggested by

the medical evidence.

6

B.      Mental RFC

Finally, Alba objects to the ALJ's assessment of her mental RFC.  Specifically, she argues that the ALJ failed to properly account for her low IQ and what she asserts is her functional illiteracy.  The ALJ concluded that Alba "is limited to unskilled work; and has moderate limitations in concentration, persistence, and pace, and adaptation to changes in the work environment."  (AR 18.)  This conclusion is supported by substantial evidence—specifically, the medical opinions of a state-agency psychologist and of Alba's own consultative examiner—and therefore can only be disturbed by this Court if the ALJ ignored contrary evidence or otherwise applied incorrect legal standards.

On the first point, Alba does not point to any contrary evidence that the ALJ ignored.  Alba does point to some of the factual findings underlying the opinion of her own consultative examiner, Dr. Brandon Gavett, but the ALJ's assessment was *more* restrictive that Dr. Gavett's assessment.  It is difficult to conclude, then, that the ALJ did not accommodate the functional limitations suggested by Dr. Gavett's report.

On the second point, Alba does contest how the ALJ weighed the opinion of the state-agency psychologist, Dr. Ellen Ryan.  But Alba does not explain any way in which Dr. Ryan's opinion was inconsistent with the record as a whole.  Alba vaguely asserts that her opinion was inconsistent with Dr. Gavett's report—but again, both Dr. Ryan and the ALJ adopted a *more* restrictive view than Dr. Gavett, so it is unclear how this purported inconsistency could have worked to Alba's disadvantage.

7

Ultimately, Alba's RFC arguments point neither to any legal errors nor to any unsupported factual findings.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Dated this 15th day of June, 2015.

BY THE COURT:


*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge